UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:18-CR-079 |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| SCOTT RANDELL WHITEHEAD, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government") and the Defendant,

SCOTT RANDELL WHITEHEAD, and Defendant's attorney, enter into this Plea Agreement.

## A.    CHARGES

1.    Subject Offenses. Defendant will plead guilty to Count 1 and Count 2 of the

Indictment, each of which alleges a conspiracy to commit mail fraud and wire fraud.

2.    Charges Being Dismissed.   There are no counts to be dismissed.

3.    No Further Prosecution.   The Government agrees that Defendant will not be

charged in the Southern District of Iowa with any other federal criminal offense arising from or

directly relating to this investigation.   This paragraph and this Plea Agreement do not apply to (1)

any criminal act occurring after the date of this agreement, (2) any crime of violence, or (3) any

criminal offense which Defendant did not fully disclose to law enforcement during Defendant's

interviews pursuant to any proffer or other agreements with the United States.

## B.    MAXIMUM PENALTIES

4.    Maximum Punishment.   Defendant understands that each crime to which

Defendant is pleading guilty under Count 1 and Count 2 (conspiracy to commit mail fraud and

wire fraud) carries a maximum sentence of up to 20 years in prison; a maximum fine of $250,000;

and a term of supervised release of 3 years.   Defendant further understands that these sentences

1

may be imposed consecutively.   A mandatory special assessment of $100 per count also must be imposed by the sentencing court

5.     <u>Supervised Release--Explained</u>.   Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions.   If Defendant were to violate a condition of supervised release, Defendant could be sentenced up to two (2) years in prison, without any credit for time previously served.

6.     <u>Detention</u>.   Provided that Defendant does not violate any conditions of Defendant's pretrial release, and does not appear to be mentally at risk to harm herself or any other person, the Government agrees to recommend that Defendant may remain on pretrial release pending imposition of sentence and will recommend that Defendant be permitted to self-report to serve any term of imprisonment imposed by the Court.

## C.     NATURE OF THE OFFENSE -- FACTUAL BASIS

7.     <u>Elements Understood</u>.   Defendant understands that to prove the offense alleged under **Count 1 and Count 2 (conspiracy to commit mail fraud and wire fraud),** the Government would be required to prove beyond a reasonable doubt the following elements:

(a)     Two or more persons reached an agreement to commit mail fraud and/or wire fraud;

(b)     Defendant voluntarily and intentionally joined in the agreement; and

(c)     At the time Defendant joined the agreement, Defendant knew the purpose of the agreement.

8.     <u>Elements Admitted</u>.   As a factual basis for Defendant's plea of guilty, Defendant admits the following:

(a)     At all relevant times, Defendant was employed a maintenance manager for

2

Vermeer Corporation in Pella, Iowa.

(b)     During the period June 2011 through July 2017, Defendant approved approximately 3,310 invoices sent to Vermeer by ALL INDUSTRIAL CHEMICAL of Hallendale Beach, Florida, purportedly for Power Shine Degreaser. The total amount of said invoices was approximately $3.1 million.

(c)     Said invoices from ALL INDUSTRIAL CHEMICAL indicated that the product was shipped when, in fact, it was not received by Vermeer. Defendant knew that said product was not being shipped or received by Vermeer.

(d)     Said invoices from ALL INDUSTRIAL CHEMICAL were transmitted to Vermeer via UPS overnight shipments. Vermeer initially paid the invoices to ALL INDUSTRIAL CHEMICAL via the U.S. mail and, later, via electronic funds transfers to a bank account in the name of ALL INDUSTRIAL CHEMICAL at BB&T Bank in Sunrise, Florida.

(e)     Defendant received kickbacks from ALL INDUSTRIAL CHEMICAL of at least $113,050. Many of these kickbacks were paid via Western Union money orders and thereafter deposited into Defendant's personal bank account held at Marion County Bank in Pella, Iowa. Some were paid in cash. Defendant knowingly and deliberately concealed and failed to disclose the receipt of these kickbacks from Vermeer.

(f)     Defendant voluntarily and intentionally had an agreement with persons acting on behalf of ALL INDUSTRIAL CHEMICAL, including co-defendant NATALIA SHEPS, to commit mail fraud and wire fraud against Vermeer by causing Vermeer to pay invoices for which no product was shipped and by receiving kickbacks. The U.S. mails, overnight delivery services, and interstate wires were used as part of the scheme to defraud Vermeer.

(g)     During the period May 2016 through July 2017, NATIONAL CHEMICAL PRODUCTS CORPORATION of Davie, Florida, would submit invoices to Vermeer indicating that absorbent pads and related supplies had been shipped to Vermeer when, in fact, no product was shipped or received by Vermeer. Defendant knew that said product was not being shipped or received by Vermeer.

(h)     Said invoices from NATIONAL CHEMICAL PRODUCTS CORPORATION were transmitted to Vermeer electronically, and they were approved for payment by the Defendant. During the period May 2016 through July 2017, Vermeer paid more than 100 such invoices in the

3

total amount of approximately $506,523. Vermeer initially paid these invoices by check and, later, via electronic funds transfers to a bank account in the name of NATIONAL CHEMICAL COMPANY at Wells Fargo Bank in Miramar, Florida.

(i) Defendant received kickbacks from NATIONAL CHEMICAL of at least $34,300. These kickbacks were sent via either U.S. mail or UPS overnight delivery in the form of checks or cash. Defendant knowingly and deliberately concealed and failed to disclose the receipt of these kickbacks from Vermeer.

(j) Defendant voluntarily and intentionally had an agreement with persons acting on behalf of NATIONAL CHEMICAL COMPANY, including co-defendant ANA HALLON GALLEGO, to commit mail fraud and wire fraud against Vermeer by causing Vermeer to pay invoices for which no product was shipped and by receiving kickbacks. The U.S. mails, overnight delivery services, and interstate wires were used as part of the scheme to defraud Vermeer.

(k) Defendant used the proceeds of the fraud (that is, the kickbacks) for personal expenses and for Defendant's own benefit.

9. <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10. <u>Waiver of Rule 410 Rights</u>. The Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under "Elements Admitted," are admissible against the Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw his plea or to set aside Defendant's conviction, then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this

case.

11.    <u>Venue</u>.  Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.    SENTENCING**

12.    <u>Sentencing Guidelines</u>.  Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.  The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

    (a)    The nature of the offenses to which Defendant is pleading guilty;

    (b)    The amount of money involved in the offense and in the relevant financial transactions;

    (c)    Whether sophisticated means were used to commit all or part of the offenses;

    (d)    Whether Defendant abused a position of trust;

    (e)    Defendant's role in the offense;

    (f)    Whether Defendant attempted to obstruct justice in the investigation or prosecution of the offense;

    (g)    The nature and extent of Defendant's criminal history (prior convictions); and

    (h)    Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.  Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

5

13.    Acceptance of Responsibility.   The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1.   The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility.   If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

14.    Presentence Report.   Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.   The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

15.    Evidence at Sentencing.   The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.   Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

16.    Sentence to be Decided by Judge -- No Promises.   This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.   Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or

6

downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what Defendant's actual sentence will be.

17. <u>No Right to Withdraw Plea</u>. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

## E.   FINES, COSTS, AND RESTITUTION

18. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

19. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $200 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

20. <u>Restitution</u>. Defendant agrees that the Court should impose an order of restitution in the amount of $3,669,217.81; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

21. <u>Financial Statement</u>. Defendant agrees to complete truthfully and in full a

financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

**F.    LIMITED SCOPE OF AGREEMENT**

22.    Limited Scope of Agreement.    This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement.    Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

23.    Agreement Limited to Southern District of Iowa.    This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

24.    Vermeer Corporation not a party to this Agreement.    Defendant understands that Vermeer Corporation is not a party to this Plea Agreement, and that the "loss" and "restitution" amounts applicable to this criminal case do not resolve any claims that Vermeer Corporation may have against Defendant.    Defendant understands that Vermeer Corporation remains free to pursue all lawful civil remedies it may deem appropriate.

**G.    WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS**

25.    Trial Rights Explained.    Defendant understands that this guilty plea waives the right to:

(a)    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b)    A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

8

   (c)     The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

   (d)     Confront and cross-examine adverse witnesses;

   (e)     Present evidence and to have witnesses testify on behalf of Defendant, including having the court issue subpoenas to compel witnesses to testify on Defendant's behalf;

   (f)     Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

   (g)     If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

26.    <u>Waiver of Appeal and Post-Conviction Review.</u>   Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

**H.     VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL**

27.     <u>Voluntariness of Plea</u>.   Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)     Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)     No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)     No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d)     Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

28.     <u>Consultation with Attorney</u>.   Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a)     Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b)     Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c)     Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision.   Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

10

## I.    GENERAL PROVISIONS

29.    Entire Agreement.   This Plea Agreement, and any attachments, is the entire agreement between the parties.   Any modifications to this Plea Agreement must be in writing and signed by all parties.

30.    Public Interest.   The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31.    Execution/Effective Date.   This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

## J.    SIGNATURES

32.    Defendant.   I have read all of this Plea Agreement and have discussed it with my attorney.   I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will.   No promises have been made to me other than the promises in this Plea Agreement.   I have not been threatened in any way to get me to enter into this Plea Agreement.   I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.   I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty.   I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

9 - 4 · 2018
Date

SCOTT RANDELL WHITEHEAD

11

33.     Defendant's Attorney.  I have read this Plea Agreement and have discussed it in
its entirety with my client.  There is no Plea Agreement other than the agreement set forth in this
writing.  My client fully understands this Plea Agreement.  I am satisfied my client is capable of
entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full
knowledge of Defendant's legal rights, and without any coercion or compulsion.  I have had full
access to the Government's discovery materials, and I believe there is a factual basis for the plea.
I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant
to the Plea Agreement.

_____
Date

_____
Andrew J. Graeve, Esq.
Attorney for Scott Randell Whitehead

Federal Public Defender's Office
400 Locust Street, Suite 340
Des Moines, Iowa  50309
Telephone:  (515) 309-9610
Telefax:  (515) 309-9625
E-Mail: andrew_graeve@fd.org

34.     United States.  The Government agrees to the terms of this Plea Agreement.

Marc Krickbaum
United States Attorney

_____
Date

By:

_____
Andrew H. Kahl
Assistant U.S. Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Telephone:  515-473-9300
Telefax:  515-473-9292
E-mail: andrew.kahl@usdoj.gov

12