IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal No. 4:18-cr-079 |
| v. | ) |
| | ) GOVERNMENT'S SENTENCING |
| SCOTT RANDELL WHITEHEAD, | ) MEMORANDUM |
| | ) |
| Defendant. | ) |
| | ) |

The United States of America, by and through its undersigned counsel, respectfully files its Sentencing Memorandum.

## I. Overview

Defendant has admitted that he engaged in two conspiracies to defraud his employer, Vermeer Corporation, for a period stretching back to 2011. These conspiracies involved the fraudulent approval of invoices for product that was never received by Vermeer, and they further involved defendant's receipt of kickback payments, which he concealed from his employer. The details of these schemes are described in detail in the Plea Agreement and in the Presentence Report, and they are largely undisputed. A few items should be highlighted, however.

*First*, the fraud was extensive – both in dollar amount and in the number of relevant transactions. The fraud involved the payment of more than $3.1 million to All Industrial Chemical, based on defendant's approval of approximately 3,310 separate invoices (PSR ¶ 11); and another $506,523 paid to National Chemical

Products Corporation, based on 107 invoices (PSR ¶ ¶ 17, 19). Defendant's offense level (appropriately) takes this loss into account. (*See* PSR ¶ 33.)

*Second*, defendant was a long-time, trusted employee, who had significant discretion and authority to approve payments. Defendant grossly abused this trust—a factor which, again, has appropriately been taken into account under the guidelines. (PSR ¶ 35.) It should be recognized, too, that these actions had a significant impact on the victim of these offense, both tangible and intangible. (*See* PSR ¶ 27a.)

*Third*, as noted, these two schemes occurred over an extended period of time.

*Fourth*, although defendant eventually accepted responsibility and pleaded guilty to the charged offenses, defendant initially was not candid with his employer or investigators. As laid out in the victim impact statement, this lack of candor caused additional expense and needless consumption of time and resources. (PSR ¶ 27a.)

Based largely on the nature and circumstances of the offense, the guidelines recommend a sentencing range of 51-63 months. (PSR ¶ 77.) Such a sentence, in the government's view, would suitably the statutory purposes of sentencing, which are set out in paragraph 97 of the Presentence Report and will not be repeated here.

## II.     Family Circumstances

The Probation Office suggests that a downward departure may be available under USSG § 5H1.6 (Family Ties and Responsibilities) based upon support that defendant provides for his spouse, his minor children, one adult child, and his

grandson.  (PSR ¶ 96; see also PSR ¶ 56.)  This suggestion is based on various medical issues, including medical issues that impact the ability of defendant's spouse and adult child to sustain long-term employment.

The Sentencing Guidelines indicate that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." USSG § 5H1.6.  Also, Application Note 1(A)(i) requires the Court to take into account "[t]he seriousness of the offense" in determining whether such a departure is warranted.  And Application Note 1(B) (effective April 30, 2003) provides further limitations on the appropriateness of such departures.  Among other things, there must be a basis to conclude that "[t]he defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family," USSG § 5H1.6, App. N. 1(B)(i); that "[t]he loss of caretaking or financial support *substantially exceeds* the harm ordinarily incident to incarceration for a similarly situated defendant," USSG § 5H1.6, App. N. 1(B)(ii) (emphasis supplied); and that there are no alternative "effective remedial or ameliorative programs reasonably" available, USSG § 5H1.6, App. N. 1(B)(iii).

Here, the government submits that the impact of a guidelines sentence on defendant's family will be similar to that of a like defendant, who faces a significant term of incarceration because of a major crime of financial fraud.  There also is little question that defendant stands convicted of extremely serious offenses, committed over an extended period of time.  This case is readily distinguishable from those

circumstances where, for example, a defendant's personal presence was required to provide intense, hands-on care. *See United States v. Tobacco*, 428 F.3d 1148, 1152 (8th Cir. 2005) (and cases cited therein).

### III. Restitution

Under the Plea Agreement, defendant has agreed to payment of restitution in the amount of $3,669,217.81. (Plea Agreement ¶ 20.) This represents the total loss amount that the FBI was able to document from the two fraud schemes involving All Industrial Chemical and National Chemical Products Corporation. All but the $100,000 deductible should be paid to Vermeer's insurer, Federal Insurance Company. (*See* PSR ¶ ¶ 27e, 89.)

It is recognized that the total insurance claim included additional loss amounts, which are separate from the schemes to which defendant has pleaded guilty, as well as $50,000 in investigative expenses. (*See* PSR ¶ 27e.) The Court's authority to order restitution for the payment of investigative expenses is limited to those expenses arising from the victim's participation in the government's investigation and criminal proceedings. *See United States v. Cornelsen*, 893 F.3d 1086, 1091 (8th Cir. 2018).

### IV. Conclusion

The Court should impose a sentence within the advisory guidelines range of 51-63 months and order restitution of at least $3,669,217.81, plus the mandatory $200 special assessment.

In view of the large restitution balance, the government does not seek imposition of an additional fine. But because payment of restitution will be an ongoing issue, the government also recommends that the Court impose the maximum available term of supervised release (three years).

                          Respectfully submitted,

                          Marc Krickbaum
                          United States Attorney

By:   */s/ Andrew H. Kahl*
       Andrew H. Kahl
       Assistant United States Attorney

       U. S. Courthouse Annex, Suite 286
       110 East Court Avenue
       Des Moines, Iowa 50309
       Tel: (515) 473-9300
       Fax: (515) 473-9292
       Email: Andrew.Kahl@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2019, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing ____Other means

UNITED STATES ATTORNEY

By: */s/ Andrew H. Kahl*
   Assistant United States Attorney